**BRYAN CAVE LLP**
James Goldberg (107990)
Deborah A. Goldfarb (291942)
Two Embarcadero Center, Suite 1410
Telephone: (415)675-3400
Facsimile (415)675-3434
Email: james.goldberg@bryancave.com
Email: deborah.goldfarb@bryancave.com

**GARDERE WYNNE SEWELL LLP**
Edward D. Burbach
(TBN 03355250)
*PRO HAC VICE APPLICATION PENDING*
One American Center, Suite 3000
Austin, TX 78746
(512) 542-7070
(512) 542-7270
Email: eburbach@gardere.com

Attorneys for Defendant Brazos Electric
Power Cooperative, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>  Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, AND RURAL UTILITIES SERVICES,<br><br>  Defendants. | Case No. 08-4248 SC<br><br>**BRAZOS ELECTRIC POWER COOPERATIVE, INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Hugh Lenox and Motion for Change of Venue.]<br><br>Date:  December 19, 2008<br>Time:  10:00 a.m.<br>Courtroom:  1, 17th Floor<br>(NO ORAL ARGUMENT REQUESTED) |

SF01DOCS\1623.2

**NOT. OF MOT. AND MOTION TO INTERVENE; MEMORANDUM OF P&As**

## NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that on December 19, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of Judge Samuel Conti of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Brazos Electric Power Cooperative, Inc. (hereafter "Brazos Electric"), will move this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an order allowing it to intervene as a party defendant in this action.

The basis for this motion is that Brazos Electric has a significantly protectable interest that may as a practical matter be impaired or impeded by the disposition of this action. Brazos Electric's interest is different from, and cannot be adequately represented by, the named Defendants United States Department of Agriculture ("USDA") and Defendant Rural Utilities Service ("RUS"). In addition, there are common questions of law and fact between the claims and defenses of Brazos Electric and the main action, and Brazos Electric's participation will contribute to the equitable resolution of the case. This lawsuit is an appeal from a Freedom of Information Act ("FOIA") determination made by RUS arising out of the March 6, 2008 FOIA request of an Austin, Texas entity, "the Lone Star Chapter of the Sierra Club" to RUS for documents submitted to RUS by Brazos Electric.[1] The motion will be based on the following Memorandum of Points and Authorities, the Declaration of Hugh Lenox ("Lenox Declaration") and its attachments, and upon such further evidence and oral argument as may be presented at the hearing.

Counsel for Brazos Electric has conferred with counsel for Plaintiffs, who take no position on this motion, and counsel for USDA and RUS, who do not oppose.

---

[1] The March 6, 2008 FOIA request was expressly made on behalf of an Austin, Texas entity, "the Lone Star Chapter of the Sierra Club", and superseded the previous November 20, 2007 FOIA request sent by "the Lone Star Chapter of the Sierra Club" to Defendant RUS for documents submitted to RUS by Brazos Electric.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Brazos Electric submits this Memorandum of Points and Authorities in support of its Motion to Intervene as a party defendant, pursuant to Federal Rule of Civil Procedure 24.

This lawsuit was filed by Plaintiff the Sierra Club ("Plaintiff") which alleges that it is incorporated in California and maintains its headquarters and resides in this district". *See* Plaintiff's "Complaint for Declaratory and Injunctive Relief" at p. 2, para. 3. Plaintiff has filed suit against Defendant the United States Department of Agriculture ("USDA") and Defendant Rural Utilities Service ("RUS").[2] Plaintiff seeks a declaration "that Defendants have violated FOIA by failing to fully and adequately provide records in response to Plaintiff's request, by failing to conduct an adequate search for the documents, and by unlawfully withholding documents under [FOIA] exemptions 4 and 5." *See* Plaintiff's "Complaint for Declaratory and Injunctive Relief" at p. 9.[3] Plaintiff also seek an order requiring Defendants "to make the requested records available to Plaintiff within twenty days". *Id.* Plaintiff also seeks its costs and reasonable attorneys' fees from the Defendants.[4]

Plaintiff's Complaint is unusual in that it asserts that it was the Requestor of the FOIA request at issue. On the contrary, it was the "Lone Star Chapter of the Sierra Club"[5] that made the FOIA request.[6] Further, Plaintiff's Complaint makes

---

[2] Plaintiff asserts that RUS is an "agency" of USDA. See Plaintiff's "Complaint for Declaratory and Injunctive Relif" at p. 3, para.8.

[3] Although Plaintiff styles its lawsuit as including an application for injunctive relief, it asserts no such claim in its pleading, nor does it point to any legal entitlement to injunctive relief.

[4] However, Plaintiff cites to no statute or other law entitling it to such a recovery.

[5] The Lone Star Chapter of the Sierra Club is located in Austin, Texas and claims to "consist of over 25,000 members". *See* http://www.texas.sierraclub.org/contact.asp last visited November 13, 2008.

[6] The Lone Star Chapter of the Sierra Club has regularly appeared as a litigant in lawsuits in Texas state and federal trial and appellate courts. *See e.g. Walter West, P.E. et al v. Texas Commission on Environmental Quality et al.* consolidated with *Walter West, P.E. and the Lone Star Chapter of*

only passing reference to the entity whose confidential documents its seeks: movant herein, Brazos Electric. Brazos Electric seeks to intervene in this action as a matter of right under Rule 24(a)(2). Alternatively, Brazos Electric seeks permissive intervention under Rule 24(b)(1)(B). Brazos Electric satisfies all the requirements for intervention under Rule 24. First, Brazos Electric's motion to intervene is timely. Second, Brazos Electric has a direct and substantial interest relating to the subject matter of this action, and as a practical matter, disposition of this action may impair or impede Brazos Electric's ability to protect its interest. Indeed, Brazos Electric is the "real" party in interest in this case. Finally, no other party in this action can adequately represent Brazos Electric's interest. Moreover, the claims and defenses to be asserted by Brazos Electric share common questions of law and fact with the main action, and Brazos Electric's participation will contribute to the equitable resolution of this case. For the foregoing reasons, Brazos Electric's motion to intervene should be granted.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Brazos[7] Electric is a 3,038 megawatt generation and transmission cooperative whose members' service territory extends across 68 counties from the Texas Panhandle to Houston. Organized in 1941 under the Rural Electric Cooperative Act of the State of Texas , Brazos Electric was the first cooperative formed in Texas for the purpose of generating and supplying electrical power. Today, it is the largest generation and transmission cooperative in Texas. Brazos Electric is the wholesale power supplier for its 16 member-owner distribution cooperatives and two municipal systems under full requirements wholesale contracts. Brazos Electric is headquartered in Waco, Texas. Lenox Declaration.

---

*the Sierra Club v. Texas Commission on Environmental Quality et al*; 260 S.W.3d 256 (Tex. App. Austin 2008); Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546 (5th Cir. 1996) *cert. den.* 519 U.S. 811 (1996); *Sierra Club, Lone Star Chapter v. Federal Deposit Insurance Corp.*, 992 F.2d 545 (5th Cir. 1993) *reh'g en banc den.* 3 F.3d 441 (5th Cir. 1993).

[7] The Brazos River is the longest river in Texas and the 11th longest river in the United States.

Brazos Electric's mission is to generate, procure and transmit reliable power at the lowest possible cost. Brazos Electric's member cooperatives are required to provide adequate electric service to all members of the public located within the certified service territories of its member distribution cooperatives. *Id.*

Defendant RUS is a federal government agency that administers the Defendant USDA's Agriculture's Rural Development Programs ("USDA Rural Development "). Among other things, RUS provides financial assistance to electrical cooperatives.

The Lone Star Chapter of the Sierra Club's March 6, 2008 FOIA request expressly narrowed[8] its previous Novermber 20, 2007 FOIA request by seeking:

1. Any records prepared or received by RUS since May 1, 2007, related to any requests by Brazos Electric Power Cooperative ("Brazos" [Electric]) for approvals by the government of actions by Brazos related to the Sandy Creek Power Generation facility in McLennan County, TX. These would include the requests for approval themselves, any comments relevant thereto, and any approvals actually granted.

2. Any records prepared or received since May 1, 2007, that relate to or discuss the granting of new loans or loan guarantees to Brazos [Electric]. We are particularly interested in records regarding the loan to Brazos of $199,693,000 announced in a USDA press release on October 26, 2007.

3. Any records prepared or received since May 1, 2007 that relate to or discuss the entity known as Brazos Sandy Creek Electric Cooperative.

Complaint para. 15. The March 6, 2008 FOIA request was expressly submitted with regard to the "FOIA requests from Lone Star Chapter of Sierra Club, dated October

---

[8] "We identified several narrower categories of documents to target…It may be possible for us to further narrow the request…"

26 and November 20, 2007 (U08-06)". *Id* at "RE" line. The March 6, 2008 FOIA request was communicated by the Washington, D.C. office of "Earthjustice" which describes itself as:

> Earthjustice is a non-profit public interest law firm dedicated to protecting the magnificent places, natural resources, and wildlife of this earth, and to defending the right of all people to a healthy environment. We bring about far-reaching change by enforcing and strengthening environmental laws on behalf of hundreds of organizations, coalitions and communities.

*See* Earthjustice "About us" web page at

http://www.earthjustice.org/about_us/index.html last visited November 13, 2008.

Plaintiff seeks disclosure of confidential portions of documentation provided by Brazos Electric to RUS which information RUS determined not to be subject to disclosure. Plaintiff expressly references the "Power Purchase Agreement" between Sandy Creek Energy Associates, L.P. and Brazos Electric. *See* Complaint at p. 6 para. 17. The Power Purchase Agreement between Brazos and Sandy Creek Energy Associates, LP, unredacted portions of which the Loan Star Chapter of the Sierra Club sought to obtain through its FOIA request, is subject to confidentiality provisions contained therein. Lenox Declaration. Plaintiff further vaguely references other Brazos Electric documentation submitted to RUS. See Complaint at p. 6 para. 19, 20.

## III.   ARGUMENT

Brazos Electric meets the requirements for intervention as a matter of right pursuant to Rule 24(a)(2) and should be accorded intervenor status to the fullest extent allowed by applicable law. Alternatively, Brazos Electric may intervene fully in this action as a matter of judicial discretion under Rule 24(b)(1)(B).

**A.   Brazos Electric Should Be Granted Leave To Intervene As A Matter Of Right Pursuant To Rule 24(A).**

Brazos Electric fully meets the Rule 24(a) requirements for mandatory intervention, and therefore should be granted full intervenor status. As a general

rule, an applicant intervenor must meet four requirements to satisfy Rule 24(a): "(1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107-08 (9th Cir. 2002). Brazos Electric fulfils these criteria and permission to intervene should be granted.

### 1. Brazos Electric's Motion To Intervene Is Timely.

Brazos Electric's motion is timely. "In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay.'" *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).

This action is in its earliest stages. Plaintiff filed its Complaint on September 9, 2008. USDA and RUS filed their Answer on October 24, 2008. In their Answer USDA and RUS challenge Plaintiff's standing because the Lone Star Chapter of the Sierra Club, rather than the Plaintiff, was the FOIA requestor. In addition, USDA and RUS challenge venue and move to transfer this lawsuit to the Western District of Texas, (the residence and principal place of business of the Lone Star Chapter of the Sierra Club) or, alternatively, to the District of Columbia where the records at issue are kept and is otherwise proper venue under 5 U.S.C. 552(a)(4)(B). On October 29, 2008, Plaintiff filed a "Motion to File Amended Complaint and Memorandum in Support" and set same for consideration without oral hearing on December 19, 2008. No other motions have been filed, and there have been no other significant procedural developments. Brazos Electric is prepared to join these

proceedings promptly and to be bound by any scheduling orders or other substantive or procedural orders issued prior to an order granting intervention. Granting the motion would thus not delay or impede the proceedings, or result in prejudice to or place additional burdens on the existing parties. *See* 7A Wright & Miller, *Federal Practice and Procedure* § 1916 ("[I]f the intervention will not delay the termination of the litigation intervention ordinarily will be allowed."). There can be no dispute that Brazos Electric's motion is timely.

Brazos Electric would note, however, that in its proposed Amended Complaint, Plaintiff seeks to add claims regarding an October 16, 2007 FOIA request to RUS "regarding records related to the proposed J.K. Smith coal-fired circulating fluidized bed expansion project that is managed by the East Kentucky Power Cooperative ("EKPC")" *See* Plaintiff's Motion to File Amended Complaint and Memorandum in Support at p.3 and Plaintiff's proposed Amended Complaint at p. 5 para. 13. Obviously, Brazos Electric has nothing to do with this FOIA request. However, Brazos Electric would note that the matters raised appear to be those raised in a lawsuit previously filed by Plaintiff in this Court. Specifically, on March 3, 2008, Plaintiff herein along with two other entities filed suit against RUS in Case No. C08-1240-MMC, *Center For Biological Diversity, Kentucky Environmental Foundation, and Sierra Club. V. Rural Utilities Services*. (Court Docket 1). By June 27, 2008 Order, Judge Chesney transferred the lawsuit to the Eastern District of Kentucky. (Court Docket 40).

**2. Brazos Electric Has A Significantly Protectable Interest Relating To The Subject Matter Of This Action, And, As A Practical Matter, Disposition Of This Action May Impair Or Impede Brazos Electric's Ability To Protect Its Interest.**

An applicant intervenor has a "significantly protectable" interest in an action if "(1) they assert an interest that is protected under some law and (2) there is a relationship between the legally protected interest and the plaintiff's claims." *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, 2005 U.S. Dist. Lexis

42275, *12 (N.D. Cal. 2005). "Applicants who have an existing legal right, contract or permit have a legally protectable interest." *Id.* In this case, Brazos Electric has a significant, existing legal interest in keeping its confidential documents confidential. The relief requested by Plaintiffs would substantially impair that interest and may prevent Brazos Electric from meeting its statutory obligation to provide adequate electric service to its members.

Brazos Electric's legally protectable interest goes beyond potential economic losses as a company. As noted previously, Brazos Electric is a non-profit electric generation and transmission cooperative with a statutory, as well as contractual, obligation to provide adequate and reliable electric service to *members of the public* within the certified service areas of its member distribution cooperatives. Lenox Decl. ¶ 3. Release of its confidential information may impair those obligations.

There is a direct relationship between Brazos Electric's legally protectable interest and the Plaintiff's claims. Plaintiff alleges that RUS has improperly withheld the production of Brazos Electric's confidential documents. Brazos Electric can provide substantive relevant input to assist this Court in evaluating the merits of the Plaintiff's claims.

Based on the foregoing, Brazos Electric has a significant protectable interest in the subject matter of this action, and a determination that RUS failed to comply with FOIA will substantially impair Brazos Electric's rights to protect its confidential documents.

**3. Brazos Electric's Interest Is Not Adequately Represented By The Parties To The Action.**

USDA and RUS cannot adequately represent the interests of Brazos Electric in protecting Brazos Electric's confidential information. In this action, the interests of USDA and RUS are not necessarily the same as the interests of Brazos Electric. USDA and RUS's interest in this action is to uphold the integrity of its administration of the USDA Rural Development program and its application of

FOIA. Brazos Electric's interest is protecting its confidential information.

Because Brazos Electric's interests in the confidentiality of its competitive information may significantly diverge from the administrative interests of the USDA and RUS, the government defendants cannot be expected to adequately represent the interests of Brazos Electric in this action. Furthermore, a resolution of this matter by settlement among the Plaintiff and USDA and RUS would not necessarily reflect the interests of Brazos Electric and its members.

Accordingly, Brazos Electric has satisfied the requirements of Rule 24(a). Its motion is timely and demonstrates that Brazos Electric has a significant protectable interest that is not adequately represented in the action. For these reasons, Brazos Electric respectfully requests that it be allowed to intervene fully in this action as a matter of right.

**B.  Alternatively, Brazos Electric Should Be Allowed To Intervene As A Matter Of Judicial Discretion Under Rule 24(B)(1)(B).**

Under Rule 24(b), intervention may be permitted if "(1) the application is timely and (2) the claim or defense and the main action have a question of law or fact in common." As demonstrated above, these elements are met. Further, Brazos Electric's motion to intervene is timely and will not prejudice the rights of the parties or cause undue delay.

The Ninth Circuit has noted that, "[u]nlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *Kootenai Tribe of Idaho*, 313 F.3d at 1108 (quoting Rule 24(b)).[9] There are clearly common questions of law

---

[9] The *Kootenai* court, explaining the liberal nature of intervention under Rule 24(b), notes with approval a passage from a leading treatise, which states, inter alia, that "it appears that the intervenor-by-permission does not even have to be a person who would have been a proper party at the beginning of the suit." 313 F.3d at 1108 (quoting 7C Wright, Miller & Kane, Federal Practice and Procedure § 1911, 357-63 (2ded. 1986)).

and fact between the main action and the confidentiality claims and defenses to be asserted by Brazos Electric.

Brazos Electric's participation will also contribute to the equitable resolution of this case. Unlike a challenge to a general rule or regulation, the decision that is the subject of this action affects only one entity – Brazos Electric. By allowing Brazos Electric permissive intervention, this Court will facilitate a full hearing of the issues and afford Brazos Electric the right to defend its significant interests against any potentially adverse decision of this Court. *See Kootenai Tribe of Idaho*, 313 F.3d at 1111 (permissive intervention would contribute to equitable resolution of the case; presence of intervenors would assist court in orderly procedures leading to resolution of case); *Center for Biological Diversity* at * 18 (permissive intervention will contribute to equitable resolution of the case and best protect applicant intervenors' rights, including appeal rights). Without intervention, Brazos Electric would be substantially prevented from defending its vital interests in this action.

For the foregoing reasons, Brazos Electric respectfully requests that the Court exercise its discretion and grant it permissive intervention to participate fully as a party defendant in this action.

### IV. CONCLUSION

Accordingly, Brazos Electric respectfully requests that the Court grant its motion to intervene pursuant to Federal Rule of Civil Procedure 24.

Dated: November 14, 2008        Respectfully submitted,

BRYAN CAVE LLP


By:   /s/  James Goldberg
James Goldberg
Attorneys for Applicant Intervenor-Defendant
Brazos Electric Power Cooperative, Inc.