1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SIERRA CLUB,**                                     )
                                                     )
            Plaintiff,                               )
        v.                                           )
                                                     )        **Case No. 3:08-cv-04248-SC**
**UNITED STATES DEPARTMENT**                         )
**OF AGRICULTURE, AND**                              )
**RURAL UTILITIES SERVICE,**                         )
                                                     )
            Defendants.                              )
_____)

## <u>STIPULATION FOR THE FILING OF AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 15(a), the parties hereby stipulate to the filing of the attached Amended Complaint, which adds a second claim under FOIA by the same plaintiff against the same federal defendants.

In light of this stipulation, Plaintiff hereby withdraws its October 29, 2008 Motion to File Amended Complaint, (Dkt. No. 15).

The parties further agree, subject to the Court's approval, that defendants' answer or other responsive pleading to the Amended Complaint shall be due no later than January 9, 2009.

Respectfully submitted,

___/s/  Michael T. Pyle___
MICHAEL T. PYLE, CAL. BAR NO. 172954
Assistant U.S. Attorney
U.S. Attorney's Office/Civil Division
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
(415) 436-7322, (415) 436-6748 fax
michael.t.pyle@usdoj.gov
*Attorney for federal Defendants*

___/s/ William S. Eubanks II___
WILLIAM S. EUBANKS II, N.C. BAR NO. 36743
HOWARD M. CRYSTAL, D.C. Bar. No. 446189
*Pro hac vice*
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
(202) 588-5206
(202) 588-5049 fax

1    beubanks@meyerglitz.com
2    hcrystal@meyerglitz.com

3    ___/s/ Kristin Henry_____
4    KRISTIN HENRY, CAL. BAR NO. 220908
     Sierra Club
5    85 2nd Street, 2nd Floor
     San Francisco, CA 94105
6    (415) 977-5716
7    (415) 977-5793 fax
     Kristin.Henry@sierraclub.org
8

9    *Attorneys for Plaintiff Sierra Club*

10

11   PURSUANT TO THIS STIPULATION, IT IS SO ORDERED:

12

13   Date: _____12/2/08_____

14   The Honor
     United Sta                              dge

15

16

1

WILLIAM S. EUBANKS II, N.C. BAR NO. 36743

2

HOWARD M. CRYSTAL, D.C. Bar. No. 446189

*Pro hac vice*

3

Meyer Glitzenstein & Crystal

1601 Connecticut Avenue, N.W., Suite 700

4

Washington, D.C.  20009

5

(202) 588-5206

(202) 588-5049 fax

6

beubanks@meyerglitz.com

7

hcrystal@meyerglitz.com

8

KRISTIN HENRY, CAL. BAR NO. 220908

Sierra Club

9

85 2ⁿᵈ Street, 2ⁿᵈ Floor

10

San Francisco, CA 94105

(415) 977-5716

11

(415) 977-5793 fax

Kristin.Henry@sierraclub.org

12

13

*Attorneys for Plaintiff Sierra Club*

14

15

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

_____

17

**SIERRA CLUB,**                                           )

                                                           )     **AMENDED COMPLAINT FOR**

18

                       Plaintiff**,**                      )     **DECLARATORY AND INJUNCTIVE RELIEF**

             v.                                            )

19

                                                           )     **Case No. 3:08-cv-04248-SC**

20

**UNITED STATES DEPARTMENT**                               )

**OF AGRICULTURE, AND**                                    )

21

**RURAL UTILITIES SERVICE,**                               )

                                                           )

22

                       Defendants.                         )

_____

23

          1.        This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552

24

(1966), <u>as amended</u>, challenging the failure of the Rural Utilities Service, an agency within the

25

Department of Agriculture, to lawfully and adequately respond to: (1) the Sierra Club's ("Sierra

26

27

AMENDED COMPLAINT FOR DECLARATORY

AND INJUNCTIVE RELIEF - 1

28

Club" or "Plaintiff") FOIA request for records concerning the East Kentucky Power Cooperative,

Inc. ("EKPC") and Rural Utilities Service's financial relations with EKPC, and (2) the Sierra Club's

FOIA request for records concerning Brazos Electric Cooperative, Inc. ("Brazos") and Rural

Utilities Service's financial relations with Brazos.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

Venue in this district is proper under 28 U.S.C. § 1391(e) because Plaintiff Sierra Club is

incorporated in California and maintains its headquarters and resides in this district.

## INTRADISTRICT ASSIGNMENT

3.      This case is properly assigned to the United States District Court, Northern District of

California, San Francisco Division, as the Plaintiff is incorporated in California and resides and

maintains its headquarters in San Francisco, California.

## PARTIES

4.      Plaintiff Sierra Club is a national nonprofit organization of approximately 1.3 million

members and supporters dedicated to exploring, enjoying, and protecting the wild places of the earth;

to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating

and enlisting humanity to protect and restore the quality of the natural and human environment; and

to using all lawful means to carry out these objectives.

5.      The Lone Star Chapter of the Sierra Club has approximately 24,000 members in the

state of Texas.  Many of the Sierra Club's members live and work in communities in the Waco-Riesel

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 2

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

region of Texas where air quality is likely to be adversely impacted by air pollution from coal-fired power plants, including the Sandy Creek Power Plant.

6.      The Cumberland Chapter of the Sierra Club has approximately 6,000 members in the state of Kentucky.  Many of the Sierra Club's members live and work in communities in the Cumberland Plateau region of Kentucky where air quality is likely to be adversely impacted by air pollution from coal-fired power plants, including the J.K. Smith Power Plant.

7.      Since the mid-1990s, the Sierra Club, including its Lone Star and Cumberland Chapters, has been actively involved in, and has expended considerable resources toward, ensuring that coal-fired power plants, including Sandy Creek and J.K. Smith, are built and maintained in compliance with requisite laws.  As part of this effort, the Sierra Club routinely makes use of records obtained through FOIA requests to ensure that all power plants are built and are operating in compliance with applicable laws and regulations.  FOIA records are also used while engaging in educational and First Amendment activities as environmentalists and Sierra Club members.  The Sierra Club and its members are therefore harmed by the Rural Utilities Service's failure to fully respond to the Sierra Club's FOIA requests because these refusals undermine the Sierra Club's ability, and its members' ability, to pursue educational and advocacy measures on behalf of the Sierra Club's members.

8.      Defendant United States Department of Agriculture ("USDA") is an agency of the United States, and has custody or control of the records Plaintiff seeks.

9.      Defendant Rural Utilities Service ("RUS") is an agency of the United States Department of Agriculture, and has custody or control of the records Plaintiff seeks.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 3

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

## STATUTORY FRAMEWORK AND FACTS GIVING RISE TO CAUSE OF ACTION

### THE FREEDOM OF INFORMATION ACT

9.      FOIA requires agencies of the federal government, upon request, to search for and release records to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C. § 552(b).  The exemptions must be narrowly construed.  If an exemption applies, the agency is required to disclose "any reasonably segregable portion of the record" containing the exempt material.  Id.

10.     Upon receiving a FOIA request, an agency has twenty working days to respond. Id. § 552(a)(6)(A).  Although the agency may grant itself an extension of ten additional days in "unusual circumstances," FOIA does not permit an agency to delay a response indefinitely. Id. § 552(a)(6)(B).

11.     Pursuant to 5 U.S.C. § 552(b)(4) ("exemption 4"), records may be exempted from disclosure if they contain "trade secrets and commercial or financial information obtained from a person and [are] privileged or confidential."  Thus, certain legitimately confidential records may be lawfully withheld from an agency's FOIA response under exemption 4.  Pursuant to 5 U.S.C. § 552(b)(5) ("exemption 5"), records may also be exempt from disclosure if they are "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  Thus, documents generated prior to an agency's decision that reflect a deliberative part of the agency's decision-making process may potentially be lawfully withheld from an agency's FOIA response under exemption 5.

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

12.     Under section 552(a)(6), a requestor may appeal an agency's failure to disclose requested records.  Id. § 552(a)(6).  An agency must make a determination on any such appeal within twenty working days.  Id. § 552(a)(6)(A)(ii).

## FACTUAL BACKGROUND

### A.     Sierra Club's October 26, 2007 FOIA Request

13.     On October 26, 2007, Sierra Club filed a FOIA request with RUS for a variety of records related to loans, loan guarantees, and grants to EKPC related to the proposed J.K. Smith coal-fired circulating fluidized bed expansion project discussed at 71 Fed. Reg. 59070 (Oct. 6, 2006).  The request also sought any approval requests by EKPC and any executed or unexecuted agreements related to the project to which EKPC was a party.

14.     RUS did not make a determination on the FOIA request within the twenty working-day time frame required by the FOIA.  After more than seven months, RUS provided only a partial response to the request on June 4, 2008.  In its response, RUS made clear that this was only "a partial response" and that RUS would subsequently "compil[e] and review[] the remaining documents responsive to [the] request . . . [to] complete our entire response."

15.     Specifically, RUS's June 4, 2008 partial response failed to respond in any way to items 3, 5, 7, and 9 of the Sierra Club's FOIA request, which sought:

•     Any transactional documents for all other loans to EKPC that RUS has made, insured, or guaranteed, which at any time from January 1, 2006 to the present had not been fully repaid and remained outstanding.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 5

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

1

2

3

4

5

- • Complete, executed copies of any agreements, dated from January 1, 2005 to the present, to which EKPC is a party that pertain to the proposed Smith coal-fired circulating fluidized bed (CFB) Expansion Project discussed at 71 Fed. Reg. 59070.

6

7

8

9

10

11

12

13

- • All records that relate to any request by EKPC for RUS consent or approval of any transaction, arrangement, or other action related to the proposed Smith coal-fired circulating fluidized bed (CFB) Expansion Project discussed at 71 Fed. Reg. 59070 or the construction, modification, or operation of the existing EKPC Smith Station or EKPC Hugh L. Spurlock Station in Mason County, Kentucky (Spurlock).  Spurlock, as used in this request includes the coal-fired CFB Unit or Units that are sometimes referred to as E.A. Gilbert.

14

15

16

17

18

19

20

21

- • All records relating to any attempt by EKPC to obtain financing for any aspect of the proposed Smith coal-fired circulating fluidized (CFB) Expansion Project discussed at 71 Fed. Reg. 59070, including but not limited to request for RUS loans, RUS insurance of loans and RUS guarantees of loans, and requests for financing from CoBank, the National Rural Utilities Cooperative Finance Corp., and other financial institutions.

22

23

24

25

26

16.    More than three months later, on September 11, 2008,  the Sierra Club sent RUS a letter indicating that the twenty-day time frame required by the FOIA had expired and that no response to items 3, 5, 7, and 9 of the Sierra Club's request had been received.  Additionally, the Sierra Club notified RUS that the June 4, 2008 response to item 6 was inadequate because RUS

27

28

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 6

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

misread the requested item.  In this letter, the Sierra Club clarified item 6 and asked that RUS respond to item 6 by providing records "of unexecuted copies or drafts of any agreements, dated from January 1, 2005 to the present, to which EKPC is a party and that pertain to the proposed Smith coal-fired circulating fluidized bed (CFB) Expansion Project discussed at 71 Fed. Reg. 59070."

17.     Based on the records provided by RUS in its partial response, it is clear that records exist related to items 3, 5, 6, 7, and 9 of the Sierra Club's October 26, 2007 FOIA request. Specifically, there should be records including, but not limited to: (1) mortgage and security agreements, among other financial records, related to RUS's consent for EKPC to obtain an unsecured revolving credit line through the National Rural Utilities Cooperative Finance Corporation, the Bank of Tokyo-Mitsubishi, Ltd., and other financial institutions; and (2) documents related to EKPC's Debt Service Coverage Ration for the past three years.

18.     To date, RUS has failed to respond to items 3, 5, 6, 7, and 9 of the Sierra Club's October 26, 2007 FOIA request.

**B.     Sierra Club's November 20, 2007 FOIA Request**

19.     On November 20, 2007, Sierra Club filed a FOIA request with RUS for a variety of records related to loans, loan guarantees, and grants to Brazos, including loans, guarantees, and grants related to Brazos's member cooperatives and Brazos Sandy Creek Electric ("Brazos Sandy Creek"), between fiscal year 2001 and fiscal year 2008.  The request also sought any and all records related to involvement of RUS or other arms of the USDA with the proposed coal plant known as Sandy Creek.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 7

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

20.     RUS did not make a determination on the FOIA request within the twenty

working-day time frame required by the FOIA.  On March 5, 2008, counsel for Sierra Club contacted

RUS to inquire about the status of RUS's action on the FOIA request.  Ms. Adrienne Stinnet, FOIA

Specialist with RUS, informed counsel that she could not say when a response would be forthcoming

to the entire FOIA request, but that the Sierra Club might receive a faster response – probably within

a week – if the Sierra Club identified a narrower set of documents for expedited treatment.

Accordingly, on March 6, 2008, the Sierra Club wrote to Ms. Stinnett identifying several narrower

categories of documents to target for expedited treatment.

21.     In the March 6, 2008 FOIA request, (hereinafter "targeted request") the Sierra Club

requested the following documents:

- Any records prepared or received by RUS since May 1, 2007, related to any requests by [Brazos] for approvals by the government of actions by Brazos related to the Sandy Creek Power Generation facility in McLennan County, TX including the requests for approval, any comments relevant thereto, and any approvals actually granted.

- Any records prepared or received since May 1, 2007, that relate to or discuss the granting of new loans or loan guarantees to Brazos [including for example] records regarding the loan to Brazos of $199,693,000 announced in a USDA press release on October 26, 2007.

- Any records prepared or received since May 1, 2007 that relate to or discuss the entity known as Brazos Sandy Creek Electric Cooperative.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 8

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

22.     On April 24, 2008, RUS provided its final response to the targeted request, releasing some documents with heavy redactions and withholding others.  More specifically, the response provided seven documents, three of which contained significant redactions.  RUS's cover letter stated that the redacted material and 77 full pages were being withheld pursuant to FOIA exemption 4, 5 U.S.C. §552(b)(4), based on RUS's determination that disclosure "is likely to cause substantial harm to the competitive position of the person from whom the information was obtained."  RUS's Kresponse further stated that an additional twenty-one pages of responsive documents were withheld pursuant to FOIA exemption 5, 5 U.S.C. §552(b)(5), which protects documents that are both deliberative and pre-decisional.

23.     The records that RUS withheld under exemption 4 do not qualify for such an exemption.  For example, in a Power Purchase Agreement included in the documents RUS released, RUS withheld under exemption 4 such information as the definitions of "Carrying Costs," "Coal Index," "Commercial Operation Date," "Cost of Coal," and "Operating Standards."  Such redacted information is not subject to exemption 4 – among other things, it is contained in documents that Brazos was required to submit to RUS, it is neither confidential nor privileged, and disclosure of the information will not and cannot impair the government's ability to obtain such information in the future.

24.     RUS also unlawfully withheld records under exemption 4 that are publicly available elsewhere.  For example, RUS heavily redacted a chart that is available on RUS's web site.  Among other things, such information is plainly neither confidential nor privileged, and disclosure of the

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 9

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

information will not and cannot impair the government's ability to obtain such information in the future.

25.     RUS's withholdings on exemption 5 grounds are similarly unsupported and do not qualify as pre-decisional, deliberative communications.  For example, RUS withheld a) information other than deliberative communications among RUS staff members or between RUS and other agencies; b) post-decisional and/or non-deliberative communications; and c) purely factual matters, or factual portions of otherwise deliberative memoranda.  RUS applied exemption 5 to communications between RUS and Brazos, and between RUS and other third (non-U.S. government) parties – none of which is subject to exemption 5.  See Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1 (2001).

26.     RUS also failed to conduct an adequate search for responsive documents in its custody or control.  For example, RUS released a letter stating that "Brazos Electric has been in discussions with RUS regarding acquiring an ownership interest in the Sandy Creek coal-fired 900 MW generation facility located near Riesel, McLennan County, Texas ("Sandy Creek Plant")" (emphasis added).  Yet  the only record provided of discussions prior to June 29, 2007 is of a single meeting on June 14, 2007.  RUS also failed, for example, to provide a draft power purchase agreement referenced in the same letter, nor did RUS provide other records that relate to or discuss that agreement.

27.     Other records mentioned in the documents that RUS produced were not themselves provided in RUS's FOIA response.  These include, for example, documents such as a) "Short Term PPA's"; b) "Economic Analysis of LS Power Transaction"; c) S&P Rating and Fitch Rating; d)

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

Exhibits II and III to a memo about Power Purchase Agreements; and e) an e-mail of June 22, 2007. Similarly, while RUS provided a letter stating that RUS had approved a loan guarantee, no other records related to this loan guarantee were provided.  That letter states that advances will be made on a loan only after certain agreements were reached, contracts executed, and supporting information submitted to RUS by Brazos, yet no such documents were provided to the Sierra Club by RUS.  The letter further states that "AN8" loan documents would be forwarded to Brazos "in the near future" for execution but no such documents were provided in the FOIA response.  Nor were emails provided in RUS's FOIA response.

28.      On June 5, 2008, the Sierra Club appealed RUS's partial denial of the Sierra Club's FOIA request.  <u>See</u> 5 U.S.C. § 552(a)(6).   RUS never responded to the Sierra Club's appeal.

**PLAINTIFF'S CLAIM FOR RELIEF**

29.      By failing to search for and provide all responsive records to the Sierra Club's October 26, 2007 and November 20, 2007 FOIA requests; unlawfully withholding certain records under exemptions 4 and 5; failing to segregate such records as required to provide non-exempt information; and failing to reply to Plaintiff's appeal, Defendants are in violation of FOIA. <u>Id.</u> § 552(a)(3)(A), (6).

30.      Plaintiff has a right to obtain the requested records.

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716

WHEREFORE, Plaintiff prays that the Court:

(1)     Declare that Defendants have violated FOIA by failing to fully and adequately

provide records in response to Plaintiff's requests, by failing to conduct an adequate search for the

documents, and by unlawfully withholding documents under exemptions 4 and 5;

(2)     Order Defendants to make the requested records available to Plaintiff within twenty

days;

(3)     Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(4)     Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,


        /s/ William S. Eubanks II
WILLIAM S. EUBANKS II, N.C. BAR NO. 36743
HOWARD M. CRYSTAL, D.C. Bar. No. 446189
*Pro hac vice*
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
(202) 588-5206
(202) 588-5049 (fax)


        /s/ Kristin Henry
KRISTIN HENRY, CAL. BAR NO. 220908
Sierra Club
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716
(415) 977-5793 fax

*Attorneys for Plaintiff Sierra Club*

October 29, 2008

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 12

SIERRA CLUB
85 2nd Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5716