UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, | Case No. 08-4248 SC |
| Plaintiff, | ORDER GRANTING MOTION TO INTERVENE AND |
| v. | DENYING MOTION TO TRANSFER VENUE |
| UNITED STATES DEPARTMENT OF AGRICULTURE, AND RURAL UTILITY SERVICE, | |
| Defendants. | |

**I.   INTRODUCTION**

The Sierra Club's action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and seeks to compel the Rural Utilities Service, as an agency within the United States Department of Agriculture, to lawfully and adequately respond to various requests for records.  The present matter comes before the Court on the Motion to Intervene and the Motion to Transfer Venue, both filed by Brazos Electric Power Cooperative, Inc. ("Brazos"). Docket Nos. 17, 18.  The plaintiff Sierra Club ("Plaintiff" or "Sierra Club") filed a Response to the Motion to Intervene ("Response") and an Opposition to the Motion to Transfer Venue ("Opposition").  Docket Nos. 26, 27.  The defendants the United States Department of Agriculture and its agency the Rural Utilities Service ("Defendants") filed Statements of Non-Opposition to both motions.  Docket Nos. 22, 23.  Brazos submitted

Replies in support of both motions. Docket Nos. 30, 31. For the following reasons, Brazos' Motion to Intervene is GRANTED and its Motion to Transfer Venue is DENIED.

## II. BACKGROUND

Sierra Club is a non-profit organization incorporated in California and headquartered in San Francisco, California. Gallagher Decl., Docket No. 27-1, ¶ 1.[1] Sierra Club has 68 chapters, encompassing every state, and these chapters are further divided into 400 local Sierra Club groups. Id. ¶ 2. Pursuant to the bylaws and standing rules of Sierra Club, only the national Sierra Club may institute litigation and all litigation decisions are controlled by the national Litigation Committee and Executive Committee of the board of directors. Id. ¶ 3.

The Rural Utilities Service administers the Department of Agriculture's Rural Development Programs and, among other things, provides financial assistance to electrical cooperatives. Mot. to Intervene at 3. Brazos is a power cooperative headquartered in Waco, Texas. Id. at 2. Its mission is to generate and transmit reliable power and its member cooperatives are required to provide adequate electric service to all members of the public located within the certified service territories of its member distribution cooperatives. Id. at 3.

In October and November of 2007, Sierra Club filed two FOIA

---

[1] Patrick Gallagher is the Legal Director of Sierra Club and is responsible for overseeing all of Sierra Club's litigation in federal and state courts. He submitted a declaration in support of Sierra Club's Opposition.

1  requests with Defendant Rural Utilities Service seeking records
2  related to loans, loan guarantees, and grants provided to both the
3  Eastern Kentucky Power Cooperative and Brazos.  First Am. Compl.
4  ("FAC"), Docket No. 28, ¶¶ 13, 14, 19, 20.[2]  In and around April
5  2008, the Rural Utilities Service finally responded and released
6  some documents, many heavily redacted, and withheld others.  Id.
7  Sierra Club filed the present action seeking to compel Defendants
8  to search for and provide all records that are responsive to the
9  FOIA requests.

### III. MOTION TO INTERVENE

Brazos seeks to intervene based on its claim that many of the documents sought by Sierra Club are documents provided by Brazos to the Rural Utilities Service and are subject to confidentiality provisions.

Federal Rule of Civil Procedure 24 provides the standards for intervention by right and for permissive intervention.  See Fed. R. Civ. P. 24(a) and (b).  In light of the fact that intervention in the present case by Brazos is appropriate and because Sierra Club and Defendants do not oppose it, Brazos' Motion to Intervene is GRANTED.[3]

---

[2] Sierra Club and Defendants submitted a stipulation, which this Court signed, for the filing of the First Amended Complaint. Docket No. 28.

[3] Sierra Club asks the Court to limit Brazos' participation to matters in which it has a legitimate concern, thereby protecting Plaintiff's ability to obtain a timely resolution of the case. Resp. at 2.  The Court, at this stage of the proceedings, is confident that Brazos' participation in the case will be limited to issues that legitimately concern it; any further restrictions would

1  **IV. <u>MOTION TO TRANSFER VENUE</u>**

2 　　As an initial matter, Brazos, as a non-party to the present
3 litigation when it filed the Motion to Intervene, likely lacked
4 standing to object to the venue.  <u>See</u>, <u>e.g.</u>, <u>In re Cuyahoga Equip.</u>
5 <u>Corp.</u>, 980 F.2d 110, 116 (2d Cir. 1992) (stating "non-parties
6 usually lack standing to challenge venue dispositions").
7 Nevertheless, in the interest of judicial economy, the Court
8 addresses the Motion.

9 　　**A. <u>Legal Standard</u>**

10 　　"For the convenience of parties and witnesses, in the
11 interest of justice, a district court may transfer any civil
12 matter to any other district or division where it might have been
13 brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to
14 "prevent the waste of time, energy, and money and to protect
15 litigants, witnesses and the public against unnecessary
16 inconvenience and expense."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612,
17 616 (1964) (internal quotation marks omitted).  "A motion for
18 transfer lies within the broad discretion of the district court,
19 and must be determined on an individualized basis."  <u>Foster v.</u>
20 <u>Nationwide Mut. Ins. Co.</u>, No. C 07-4928, 2007 WL 4410408, at *1
21 (N.D. Cal. Dec. 14, 2007) (relying on <u>Jones v. GNC Franchising,</u>
22 <u>Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000)).

23 　　**B. <u>Discussion</u>**

24 　　To support a motion for transfer, the moving party must
25 establish that venue is proper in the transferor district, the

---

27 at this point be premature and the Court therefore declines
Plaintiff's request.

4

1  transferee district is one where the action might have been
2  brought, and the transfer will serve the convenience of the
3  parties and witnesses and will promote the interests of justice.
4  <u>Foster</u>, 2007 WL 4410408, at *2.

   1. <u>Venue in this District, Texas, or Washington, D.C.</u>

  Brazos seeks to transfer the case to the Western District of Texas or, in the alternative, to the District of Columbia. FOIA contains a provision limiting the venues in which FOIA actions may be brought. This provision states, in part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

  The FOIA request relating to Brazos was brought by the Lone Star Chapter of the Sierra Club, which has its headquarters in Austin, Texas. <u>See</u> Brazos Supp. Reply, Docket No. 36, Ex. A (November 20, 2007, FOIA request letter from Cyrus Reed on behalf of Lone Star Chapter of Sierra Club) ("November FOIA Request").[4]

---

[4] Although this FOIA Request was referenced in Brazos' original Reply, Docket No. 30, Brazos failed to include the letter as an attachment. At the request of the Court, Brazos filed a Supplemental Reply in which both the November FOIA Request and an October FOIA request letter ("October FOIA Request"), also from Reed at Sierra Club, were attached. Although Brazos failed to file a declaration authenticating the documents, as required by Civil Local Rule 7-5, the Court, for purposes of this Motion, presumes their authenticity.

1    Pursuant to § 552, it appears that the Western District of
2    Texas would not be a proper venue.  Although the Sierra Club
3    chapter that filed the FOIA request is headquartered in Austin,
4    Texas, which is in the Western District of Texas, the Sierra
5    Club's headquarters and the state in which it is incorporated is
6    California.  See November FOIA Request; 28 U.S.C. § 124(d).  In
7    addition, Sierra Club's principal place of business under § 552 is
8    San Francisco.  See, e.g., Montrose Chemical Corp. v. Am.
9    Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997)
10   (explaining the two tests used by the Ninth Circuit to determine
11   in which state a corporation has its principal place of business).
12   As the Ninth Circuit has recognized, a company incorporated in one
13   state "is not a resident [of another] for purposes of the venue
14   statute."  Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d
15   1280, 1289 (9th Cir. 1977) (citing Am. Cyanamid Co. v. Hammond
16   Lead Prod., Inc., 495 F.2d 1183, 1184-85 (3rd Cir. 1974) (holding
17   "it has long been settled that the residence of a corporation,
18   within the meaning of the venue statutes, is only in the State and
19   district in which it has been incorporated") (internal quotation
20   marks omitted).  According to this rule, Sierra Club is a
21   "resident" of California, not Texas.  This is further reflected by
22   the fact that the State of Texas legally recognizes the Lone Star
23   Chapter of the Sierra Club as a "foreign corporation,"
24   incorporated in California and maintaining its principal place of
25   business in San Francisco.  See Opp'n Attach. 3, Letter from Tex.
26   Sec'y of State.
27        Section 552 restricts jurisdiction to the "district in which

6

the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Therefore, the Western District of Texas is, as a matter of law, an improper district for transfer.[5] Venue is, however, proper in this District.

Brazos, in the alternative, seeks to transfer the action to the District of Columbia, which, under § 552, is also an appropriate venue. The remaining issue is whether Brazos has satisfied its burden to demonstrate that transfer will promote the interests of justice.

### 2. Promotion of Interests of Justice

Courts look to the following factors in assessing whether transfer would promote the interests of justice: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. See Foster, 2007 WL 4410408, at *2.

#### a. Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum carries substantial weight in a motion to transfer venue. See, e.g., Foster, 2007 WL

---

[5] Although Brazos makes the blanket assertion that all of the "documents . . . are located in Texas and the District of Columbia," Brazos has failed to specify any agency records that would be located in the Western District of Texas, rather than "in the agency offices in Washington D.C." Mot. to Intervene at 6. The Court is therefore left to conclude that the agency records sought by Sierra Club are located in Washington, D.C.

7

1 4410408, at *2; Flint v. UGS Corp., No. C 07-4640, 2007 WL
2 4365481, at *3 (N.D. Cal. Dec. 12, 2007).  In the present case,
3 Sierra Club's headquarters as well as the hub of its national
4 litigation group are both located in San Francisco.  This factor
5 weighs strongly against Brazos' Motion to Transfer Venue.

6           b.  Convenience of Parties and Witnesses

7 "In analyzing whether transfer of a case would serve the
8 convenience of the witnesses, the Court must look at who the
9 witnesses are, the nature of what the testimony will be, and why
10 such testimony is relevant or necessary."  Flint, 2007 WL 4365481,
11 at *4.

12 Brazos has failed to identify which, if any, witnesses will
13 be needed, what the nature their testimony will be, and why such
14 testimony would be relevant or necessary.  Instead, Brazos makes
15 the conclusory and blanket allegation that Texas or the District
16 of Columbia would be more convenient because "all of the witnesses
17 and the documents pertinent to these decisions are located in
18 Texas and the District of Columbia, none in California."  Mot. to
19 Intervene at 6.  The burden of demonstrating the appropriateness
20 of transfer rests with Brazos, and these broad assertions do
21 little to help carry this burden.

22 Moreover, Sierra Club also seeks documents relating to the
23 Rural Utilities Service's financial relations with the Eastern
24 Kentucky Power Cooperative.  FAC ¶ 1.  It is beyond dispute that
25 Texas would not provide greater convenience for this aspect of
26 Sierra Club's action.  For these reasons, the Court finds that
27 Brazos has failed to meet its burden of demonstrating that the
28

convenience of the witnesses and parties favors transfer to either Texas, assuming that were even possible, or the District of Columbia.

### c. Ease of Access to the Evidence

"Documents pertaining to defendants' business practices are most likely to be found at their personal place of business." Italian Colors Rest. v. Am. Express Co., No. C 03-3719, 2003 WL 22682482 SI, at *5 (N.D. Cal. Nov. 10, 2003). Sierra Club seeks documents from the Rural Utilities Service which, as an agency of the United States, can be presumed to have its office in the District of Columbia. The Rural Utilities Service, however, has not moved to transfer the venue; rather, Brazos seeks to move the action. As Sierra Club does not seek documents from Brazos, the location of the documents in the District of Columbia, if in fact that is where they are, does not help Brazos' Motion.

Moreover, as another court in this District has noted, "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). In Van Slyke, the court found that "[o]ther than describing where their records are located, defendants do not contend that transporting records, or reducing them to electronic form, would cause them significant hardship." Id. In assessing the overall impact of this factor, the court stated that transfer of venue "may reduce discovery costs somewhat, at least for defendants. This factor, however, is of diminished importance and is neutral toward transfer." Id. Such reasoning resonates with

the Court and, for all of the reasons above, the Court finds that Brazos has not carried its burden in demonstrating that ease of access to the evidence favors transfer.

### d. Familiarity of Each Forum with Applicable Law

This factor is neutral, as all federal courts are equally capable of applying federal law.

### e. Remaining Factors

The remaining factors - the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum - provide little support for transfer. There is no evidence of any other pending claims which might be consolidated with this action. In addition, because Sierra Club merely seeks production of records, it is difficult to see how any particular venue can be said to have a local interest at this time. Finally, Brazos has provided no evidence regarding court congestion.

## V. CONCLUSION

For the reasons discussed herein, Brazos' Motion to Intervene is GRANTED and, because the relevant factors do not favor transfer, Brazos' Motion to Transfer Venue is DENIED.

IT IS SO ORDERED.

Dated: December 19, 2008

UNITED STATES DISTRICT JUDGE