1    JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
2    JOANN M. SWANSON (CSBN 88143)
     Chief, Civil Division
3    MICHAEL T. PYLE (CSBN 172954 )
     Assistant United States Attorney
4
         U.S. Attorney's Office/Civil Division
5        450 Golden Gate Avenue, 9th Floor
         San Francisco, California 94102-3495
6        Telephone: (415) 436-7322
         Facsimile: (415) 436-6748
7        E-mail: michael.t.pyle@usdoj.gov

8    Attorneys for Federal Defendants

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13   SIERRA CLUB,                     )    No. 08-4248 SC
                                      )
14          Plaintiff,                )    **ANSWER OF FEDERAL**
                                      )    **DEFENDANTS TO PLAINTIFF**
15   v.                               )    **SIERRA CLUB'S FIRST AMENDED**
                                      )    **COMPLAINT**
16   UNITED STATES DEPARTMENT OF      )
     AGRICULTURE ET AL.,              )
17                                    )
            Defendants.               )
18   _____)

19          Defendants United States Department of Agriculture ("USDA") and Rural Utilities Service

20   ("RUS") (collectively referred to as "Federal Defendants"), by and through their counsel, hereby

21   admit, deny, allege and otherwise respond to Plaintiff Sierra Club's First Amended Complaint

22   ("Complaint") as follows:

23   1.  Answering Paragraph 1, the Federal Defendants assert that this paragraph is a characterization

24   of this civil action and a legal conclusion, and not an allegation of fact, and so no answer is

25   required, but it is denied that the Sierra Club made the requests for records at issue in this civil

26   action.

27   2.  Answering Paragraph 2, the Federal Defendants assert that this paragraph is a jurisdictional

28   statement and a venue statement, and not an allegation of fact, and so no answer is required, but

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
C08-4248 SC

1    it is denied that venue is proper in this district.

2    3.  Answering Paragraph 3, the Federal Defendants assert that this paragraph is an intradistrict

3    assignment statement, and not an allegation of fact, and so no answer is required, but it is denied

4    that venue is proper in this district.

5    4.  Answering Paragraph 4, the Federal Defendants assert that this paragraph is a characterization

6    of the plaintiff Sierra Club, and not an allegation of fact, and so no answer is required.

7    5.  Answering Paragraph 5, the Federal Defendants assert that this paragraph is a characterization

8    of the Lone Star Chapter of the plaintiff Sierra Club, and not an allegation of fact, and so no

9    answer is required.

10   6.  Answering Paragraph 6, the Federal Defendants assert that this paragraph is a characterization

11   of the Cumberland Chapter of the plaintiff Sierra Club, and not an allegation of fact, and so no

12   answer is required.

13   7.  Answering the first three sentences of Paragraph 7, the Federal Defendants assert that these

14   sentences are characterizations of the actions of the plaintiff, and not allegations of fact, and so

15   no answer is required.  Answering the fourth sentence of Paragraph 6, the Federal Defendants

16   have insufficient information to admit or deny the allegations of this sentence, and therefore deny

17   each and every allegation in this sentence.

18   8.  Answering Paragraph 8, the Federal Defendants admit that the USDA is an agency of the

19   United States and has custody and control of the records Plaintiff seeks to the extent that those

20   records actually exist and actually are in the custody of USDA.

21   9 [First].   Answering the First Paragraph listed as Paragraph 9 and appearing on page 3 of

22   Plaintiff's Complaint, the Federal Defendants admit that the RUS is a component of the USDA,

23   deny that it is any agency of the United States, and admit that the RUS has custody and control of

24   the records Plaintiff seeks to the extent that those records actually exist and actually are in the

25   custody of the RUS.

26   9 [Second].  Answering the Second Paragraph listed as Paragraph 9 and appearing on page 4 of

27   Plaintiff's Complaint, the Federal Defendants assert that this paragraph states legal conclusions,

28   and not allegations of fact, and so no answer is required.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
C08-4248 SC                                              2

10.  Answering Paragraph 10, the Federal Defendants assert that this paragraph states legal conclusions, and not allegations of fact, and so no answer is required.

11.  Answering Paragraph 11, the Federal Defendants assert that this paragraph states legal conclusions, and not allegations of fact, and so no answer is required.

12.  Answering Paragraph 12, the Federal Defendants assert that this paragraph states legal conclusions, and not allegations of fact, and so no answer is required.

13.  Answering Paragraph 13, the Federal Defendants admit that the Plaintiff made a Freedom of Information Act request dated October 26, 2007, to the RUS; assert that this request is the best evidence of its own contents; and otherwise assert that this paragraph is a characterization of the request, and not an allegation of fact, and so no answer is required.

14.  Answering Paragraph 14, the Federal Defendants admit that no response was made by RUS to the FOIA request until the partial initial reply of June 4, 2008; assert that the partial initial reply is the best evidence of its own contents, and otherwise assert that this paragraph is a characterization of the partial initial reply, and not an allegation of fact, and so no answer is required.

15.  Answering Paragraph 15, the Federal Defendants assert that the partial initial reply referenced in Paragraph 14 above is the best evidence of its own contents, and otherwise assert that this paragraph is a characterization of the partial initial reply, and not an allegation of fact, and so no answer is required.

16.  Answering Paragraph 16, the Federal Defendants admit that Plaintiff sent an email letter dated September 11, 2008, to RUS addressing the FOIA request and partial initial reply referenced in Paragraphs 13-15 above.  Federal Defendants otherwise assert that this paragraph is a characterization of that email letter; that the email letter is the best evidence of its own contents, and not an allegation of fact; and that no further answer to Paragraph 16 is required.

17.  Answering Paragraph 17, the Federal Defendants assert that this paragraph is a characterization of the records provided to Plaintiff in the partial initial reply referenced in Paragraph 14 above, and not an allegation of fact; that these records are the best evidence of their own contents; and that no further answer to Paragraph 17 is required.

18.  Answering Paragraph 18, the Federal Defendants assert that this paragraph is a characterization of the partial initial reply referenced in Paragraph 14, and not an allegation of fact; that the partial initial reply is the best evidence of its own contents; and that no further answer to Paragraph 18 is required.

19.  Answering Paragraph 19, the Federal Defendants deny that Plaintiff made a request for records under the Freedom of Information Act (FOIA) dated November 20, 2007, to the RUS, assert that the request is the best evidence of its own contents, and otherwise assert that this paragraph is a characterization of the request, and not an allegation of fact, and so no further answer is required.

20.  Answering the first sentence of Paragraph 20, the Federal Defendants assert that this sentence states a legal conclusion, and not an allegation of fact, and so no answer is required, except that the Federal Defendants admit that the RUS had made no answer to the above-referenced FOIA request dated November 20, 2007, as of March 5, 2008.  Answering the remainder of Paragraph 20, the Federal Defendants admit the remainder of the paragraph, except that Federal Defendants have insufficient information to admit or deny the allegation that on March 5, 2008, Adrienne Stinnet, who is no longer employed by USDA, told counsel for Plaintiff that a reply would be made to a targeted FOIA request for narrower categories of documents probably within a week, and therefore deny that allegation.

21.  Answering Paragraph 21, the Federal Defendants deny that Plaintiff made a request for records under FOIA dated March 6, 2008, to the RUS, and assert that the request is the best evidence of its own contents, but otherwise assert that this paragraph is a characterization of the request, and not an allegation of fact, and so no further answer is required.

22.  Answering the first sentence of Paragraph 22, the Federal Defendants admit the allegations of this sentence.  Answering the second sentence of Paragraph 22, the Federal Defendants admit that the initial reply to the targeted request contained several documents, some of which contained redactions pursuant to FOIA Exemption 4 (5 U.S.C. §552(b)(4)), but deny that the seven documents referenced were all of the documents that were provided.  Answering the remainder of Paragraph 22, the Federal Defendants assert that the remainder of the paragraph is a

characterization of the initial reply, which is the best evidence of its own contents.

23. Answering Paragraph 23, the Federal Defendants assert that this paragraph contains legal arguments and a legal conclusion, and not allegations of fact, and so no answer is required.

24. Answering Paragraph 24, the Federal Defendants assert that this paragraph contains legal arguments and a legal conclusion, and not allegations of fact, and so no answer is required.

25. Answering Paragraph 25, the Federal Defendants assert that this paragraph contains legal arguments and a legal conclusion, and not allegations of fact, and so no answer is required.

26. Answering Paragraph 26, the Federal Defendants assert that this paragraph contains legal arguments and a legal conclusion, and not allegations of fact, and so no answer is required.

27. Answering Paragraph 27, the Federal Defendants assert that this paragraph is a characterization of the above-referenced initial reply and of its enclosures, which are the best evidence of their own contents.

28. Answering Paragraph 28, the Federal Defendants deny the allegations of this paragraph.

29. Answering Paragraph 29, the Federal Defendants assert that this paragraph is a legal conclusion, and not an allegation of fact, and so no answer is required.

30. Answering Paragraph 30, the Federal Defendants assert that this paragraph is a legal conclusion, and not an allegation of fact, and so no answer is required.

The remaining allegations of the Complaint constitute Plaintiff's prayer for relief to which no response is required. However, the Federal Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever. The Federal Defendants further deny each and every allegation of the Complaint that has not been admitted, denied, or otherwise qualified above. In particular, were an answer to be deemed required as to any of Plaintiff's allegations to which the Federal Defendants assert that no answer is required, the Federal Defendants deny each and every allegation.

In further answer to the Complaint and as separate affirmative defenses, the Federal Defendants allege as follows:

//

//

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
C08-4248 SC                                    5

**FIRST AFFIRMATIVE DEFENSE**

(Lack of Standing/Improper Plaintiff/Failure to Exhaust Administrative Remedies)

Plaintiff Sierra Club did not submit the November 20, 2007 FOIA request at issue in this matter.  Rather, the Lone Star Chapter of the Sierra Club did so.  As a result, with respect to the November 20, 2007 FOIA request at issue in this matter the Sierra Club lacks standing to bring this civil action, is not a proper FOIA plaintiff, and has failed to exhaust its administrative remedies by having failed to submit a FOIA request in its own name.

**SECOND AFFIRMATIVE DEFENSE**

(Further Affirmative Defenses)

The Federal Defendants reserve the right to assert additional affirmative defenses in the event that such additional affirmative defenses would be appropriate.


Dated: January 8, 2009                    Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney


                          By:     _____/s/_____
                                          Michael T. Pyle
                                          Assistant U.S. Attorney