**BRYAN CAVE, LLP**
James Goldberg, California Bar No. 107990
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
Email: james.goldberg@bryancave.com

**FROST BROWN TODD LLC**
Timothy J. Hagerty (KY Bar 85414)
  *Appearing Pro hac vice*
400 W. Market St., 32nd Floor
Louisville, Kentucky 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
Email: thagerty@fbtlaw.com

Attorneys for Intervenor-Defendant
EAST KENTUCKY POWER COOPERATIVE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIERRA CLUB<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, AND RURAL UTILITIES SERVICE,<br><br>　　　　　　　　　Defendant,<br><br>and<br><br>BRAZOS ELECTRIC POWER COOPERATIVE, INC. AND EAST KENTUCKY POWER COOPERATIVE, INC.<br><br>　　　　　　　　　Intervenor-Defendants. | Case No. 08-4248 SC<br><br>**INTERVENOR-DEFENDANT EAST KENTUCKY POWER COOPERATIVE, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Intervenor-Defendant, East Kentucky Power Cooperative, Inc. ("EKPC"), by and through its undersigned counsel, hereby submits its Answer to Plaintiff's Amended Complaint for Declaratory and Injunctive Relief. The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiff's Amended Complaint.

1. The averments in Paragraph 1 characterize Plaintiff's Amended Complaint and contain conclusions of law, to which no responsive pleading is required. To the extent Paragraph 1 may be construed to contain factual averments, those averments are denied.

2. Whether this Court has jurisdiction over this action is a conclusion of law, to which no responsive pleading is required. EKPC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 and therefore denies them.

3. Whether this case is properly assigned to the San Francisco division of this Court is a conclusion of law, to which no responsive pleading is required. EKPC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 3 and therefore denies them.

4. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 and therefore denies them.

5. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 and therefore denies them.

6. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 and therefore denies them.

7. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 and therefore denies them.

8. EKPC admits that the United States Department of Agriculture ("USDA") is an agency of the United States. EKPC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 8 and therefore denies them.

9. EKPC admits that the Rural Utilities Service ("RUS") is an agency of the United States. EKPC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 9 and therefore denies them.

9. Plaintiff's Amended Complaint contains two paragraphs described as Paragraph 9. The averments in the second Paragraph 9 are conclusions of law, to which no responsive pleading is required.

10. The averments in Paragraph 10 are conclusions of law, to which no responsive pleading is required.

11. The averments in Paragraph 11 are conclusions of law, to which no responsive pleading is required.

12. The averments in Paragraph 12 are conclusions of law, to which no responsive pleading is required.

13. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13 and therefore denies them.

14. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and therefore denies them.

15. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and therefore denies them.

16. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and therefore denies them.

17. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 and therefore denies them.

18. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 and therefore denies them.

19. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 and therefore denies them.

20. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 and therefore denies them.

21. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 and therefore denies them.

22. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 22 and therefore denies them.

23. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of Paragraph 23 and therefore denies them. The remaining averments in Paragraph 23 are conclusions of law, to which no responsive pleading is required. To the extent Paragraph 23 may be construed to contain factual averments, EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

24. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of Paragraph 24 and therefore denies them. The remaining averments in Paragraph 24 are conclusions of law, to which no responsive pleading is required. To the extent Paragraph 24 may be construed to contain factual averments, EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

25. The averments in Paragraph 25 are conclusions of law, to which no responsive pleading is required. To the extent Paragraph 25 may be construed to contain factual averments, EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

26. The first sentence in Paragraph 26 is a conclusion of law, to which no responsive pleading is required. EKPC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26 and therefore denies them.

27. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27 and therefore denies them.

28. EKPC is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 and therefore denies them.

29. The averments in Paragraph 29 are conclusions of law, to which no responsive pleading is required.

30. The averment in Paragraph 30 is a conclusion of law, to which no responsive pleading is required.

31.     The remaining averments of the Plaintiff's Amended Complaint are merely a recitation of the relief sought by the Plaintiff, to which no responsive pleading is required.  EKPC denies that the Plaintiff is entitled to the relief requested, or to any relief whatsoever.

32.     EKPC avers that any Freedom of Information Act ("FOIA") requests referenced in the Amended Complaint are the best evidence of their own contents, including with respect to the identity of the requestor, and therefore require no further answer.

33.     Any other factual averment not specifically admitted in this answer is denied.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     The United States District Court for the Northern District of California is not a proper venue for this action because, upon information and belief, the Sierra Club is not the proper plaintiff as it did not submit the FOIA requests at issue.

3.     Plaintiff lacks standing to bring this civil action because it did not submit the FOIA requests at issue and has therefore failed to exhaust its administrative remedies.

4.     EKPC reserves the right to add such additional defenses as are discovered at any time after the filing of this Answer and before the hearing on the merits.

WHEREFORE, Intervenor-Defendant EKPC respectfully requests this Court to enter an order:

1.     Dismissing the Amended Complaint with prejudice; and

2.     Granting such other relief as the Court may deem just and proper.

Dated:  February 24, 2008                              Respectfully submitted,

**BRYAN CAVE, LLP**
James Goldberg


By:    /s/ James Goldberg
        James Goldberg
Attorneys for Defendant
APPLICANT INTERVENOR-DEFENDANT
EAST KENTUCKY POWER COOPERATIVE, INC.