1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MICHAEL T. PYLE (CSBN 172954 )
   Assistant United States Attorney
4
       U.S. Attorney's Office/Civil Division
5      450 Golden Gate Avenue, 9th Floor
       San Francisco, California 94102-3495
6      Telephone: (415) 436-7322
       Facsimile: (415) 436-6748
7      E-mail: michael.t.pyle@usdoj.gov

8  Attorneys for Federal Defendants

9  William S. Eubanks II
   Howard M. Crystal
10 Meyer Glitzenstein & Crystal
   1601 Connecticut Avenue NW, Suite 700
11 Washington, DC 20009

12 Attorneys for Plaintiff

13 [Additional counsel and parties listed on signature page]

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                        SAN FRANCISCO DIVISION

18 SIERRA CLUB,                    )    No. 08-4248 SC
19        Plaintiff,                )    **SETTLEMENT AGREEMENT**
20   v.                             )
21                                  )
   UNITED STATES DEPARTMENT OF    )
22 AGRICULTURE ET AL.,              )
                                    )
23        Defendants.               )

24     The parties to this Settlement Agreement are Plaintiff Sierra Club ("Plaintiff"), Defendants
25 United States Department of Agriculture and its component the Rural Utilities Service ("Federal
26 Defendants"), and Intervening Defendants Brazos Electric Power Cooperative, Inc. and East
27
28

SETTLEMENT AGREEMENT
C08-4248 SC                                  1

Kentucky Power Cooperative, Inc. ("Intervening Defendants"). Any reference to "Parties" in this Settlement Agreement means Plaintiff, Federal Defendants and Intervening Defendants.

1. The Parties enter into this Settlement Agreement to fully and completely resolve (a) this Action, which is captioned *Sierra Club v. United States Department of Agriculture et al.*, C 08-4248 SC, (b) Plaintiff's October 26, 2007, November 20, 2007, & March 6, 2008 Freedom of Information Act ("FOIA") Requests at issue in this Action, and (c) item 1 of the FOIA Request submitted on behalf of the Sierra Club by Robert Ukeiley to the Federal Defendants on or about October 16, 2008 seeking records related to East Kentucky Power Cooperative, Inc. ("EKPC"). (The balance of the FOIA Request submitted on behalf of the Sierra Club by Robert Ukeiley to the Federal Defendants on or about October 16, 2008 remains intact and nothing in this Settlement Agreement limits the rights or responsibilities of any Party with regard to the balance of this FOIA Request.)

2. The Federal Defendants shall release the following documents to Plaintiff (1) Rural Utilities Service Form 740(c) for Loan AH8 for EKPC's Smith Plant; (2) Attachment A referenced in a July 25, 2008 Cost Estimate and Loan Budget for Electric Borrowers that was previously released to Plaintiff, and (3) Rural Utilities Service's response to EKPC's lien accommodation request. Intervening Defendant EKPC shall produce the documents listed on Exhibit A to this Settlement Agreement, which are portions of the lien accommodation request EKPC submitted to the Federal Defendants. The release and production specified in this Paragraph shall occur no later than five (5) days following the execution of this Settlement Agreement. The release and production specified in this Paragraph were negotiated as an appropriate compromise for this Action alone and neither the release nor the production shall be used as precedent in any other FOIA Request or litigation of any kind; nor do such release and production, or the acceptance thereof, constitute an acknowledgment by any Party of the necessity or sufficiency of such release or production pursuant to FOIA.

3. The Federal Defendants agree to pay to Plaintiff and its counsel the sum of Thirty Thousand Dollars and No Cents ($30,000), under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and

SETTLEMENT AGREEMENT
C08-4248 SC

causes of action of whatsoever kind and nature, arising from, and by reason of (a) this Action, which is captioned *Sierra Club v. United States Department of Agriculture et al.*, C 08-4248 SC, (b) Plaintiff's October 26, 2007, November 20, 2007, & March 6, 2008 Freedom of Information Act ("FOIA") Requests at issue in this Action, and (c) item 1 of the FOIA Request submitted on behalf of the Sierra Club by Robert Ukeiley to the Federal Defendants on or about October 16, 2008 seeking records related to East Kentucky Power Cooperative, Inc. ("EKPC"), for which Plaintiff, its heirs, executors, administrators, successors or assigns, and each of them, now have or may hereafter acquire against the Federal Defendants, the United States of America or any of their current or former respective agents, servants, and employees.

4. In consideration of the payment of Thirty Thousand Dollars and No Cents ($30,000) by the Federal Defendants and the other terms of this Settlement Agreement, Plaintiff agrees to immediately upon execution of this Settlement Agreement, execute a Stipulation For Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action. Each of the other Parties also agrees to execute the Stipulation for Dismissal with Prejudice. The fully executed Stipulation For Dismissal with Prejudice will be held by counsel for the Federal Defendants and will not be filed with the Court until Plaintiffs have received both the payment to be paid by the Federal Defendants and the records to be released and produced pursuant to this Settlement Agreement.

5. This Stipulation and Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any Party.

6. It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against any other Party, their agents, servants, or employees in connection with the above-captioned lawsuit except as set forth in this Settlement Agreement.

7. It is agreed, by and among the Parties, that this Settlement Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

SETTLEMENT AGREEMENT
C08-4248 SC

8. Plaintiff forever releases and discharges the Federal Defendants, the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of (a) this Action, which is captioned *Sierra Club v. United States Department of Agriculture et al.*, C 08-4248 SC, (b) Plaintiff's October 26, 2007, November 20, 2007, & March 6, 2008 Freedom of Information Act ("FOIA") Requests at issue in this Action, and (c) item 1 of the FOIA Request submitted on behalf of the Sierra Club by Robert Ukeiley to the Federal Defendants on or about October 16, 2008 seeking records related to EKPC.

9. This Settlement Agreement shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Settlement Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel of each Party's choosing, which counsel have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

10. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum as set forth herein, Plaintiff and its counsel shall be solely responsible for paying any such liability.

11. The Parties agree that, should any dispute arise with respect to the implementation of the terms of this Settlement Agreement, no Party shall seek to rescind the Settlement Agreement and pursue any of the original causes of action. Each Party's sole remedy in such a dispute is an action to enforce the Settlement Agreement in district court. Before bringing any such action, however, any dispute that arises shall first be brought to the attention of every other Party in writing and that each Party will negotiate in good faith to determine if the dispute can be resolved before any party may file an action to enforce this Settlement Agreement in court.

SETTLEMENT AGREEMENT
C08-4248 SC

| | |
|---|---|
| Dated: March 24, 2010 | BRAZOS ELECTRIC POWER COOPERATIVE, INC.<br><br>By: *Clifton Karnei*<br>Its: Executive Vice President and General Manager |
| Dated: March 25, 2010 | GARDERE WYNNE SEWELL LLP<br><br>*Ed B.*<br>Edward D. ("Ed") Burbach<br>Attorneys for Intervening Defendant Brazos Electric Power Cooperative, Inc. |
| Dated: March __, 2010 | EAST KENTUCKY POWER COOPERATIVE, INC.<br><br>By:_____<br><br>Its:_____ |
| Dated: March __, 2010 | FROST BROWN TODD LLC<br><br>_____<br>Timothy J. Hagerty<br>Counsel for Intervening Defendant East Kentucky Power Cooperative, Inc. |

SETTLEMENT AGREEMENT
C08-4248 SC

| | | |
|---|---|---|
| 1 | Dated: March __, 2010 | BRAZOS ELECTRIC POWER COOPERATIVE, INC. |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| | | Its: _____ |
| 5 | | |
| 6 | | |
| 7 | Dated: March __, 2010 | GARDERE WYNNE SEWELL LLP |
| 8 | | |
| 9 | | _____ |
| | | Edward D. ("Ed") Burbach |
| 10 | | Attorneys for Intervening Defendant Brazos Electric Power Cooperative, Inc. |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Dated: March 24, 2010 | EAST KENTUCKY POWER COOPERATIVE, INC. |
| 15 | | |
| 16 | | |
| 17 | | By: John R. Twitchell |
| 18 | | Its: Senior Vice President |
| 19 | | Power Delivery & Construction |
| 20 | Dated: March 26 2010 | FROST BROWN TODD LLC |
| 21 | | |
| 22 | | Timothy J. Hagerty |
| 23 | | Counsel for Intervening Defendant East Kentucky Power Cooperative, Inc. |
| 24 | | |

SETTLEMENT AGREEMENT
C08-4248 SC

12. This Settlement Agreement may be signed in counterparts, and any signature on a signature page transmitted by facsimile or by PDF shall be treated the same as an original signature and shall be deemed binding and fully effective.

13. The Parties further agree that this Settlement Agreement is not a confidential document and that it may be filed in Court. The Parties specifically agree that this Settlement Agreement may be filed with the Court if such an action is necessary for the Court to vacate all pending discovery, motion hearing dates, settlement or pretrial deadlines and trial date associated with this litigation.

Dated: March 16, 2010

SIERRA CLUB

By: Aaron Isherwood

Its: Senior Staff Attorney

Dated: March 16, 2010

MEYER & GLITZENSTEIN & CRYSTAL

WILLIAM S. EUBANKS, II
Attorney for Plaintiff Sierra Club

Dated: March 29, 2010

JOSEPH P. RUSSONIELLO
United States Attorney

Michael T. Pyle
Assistant United States Attorney
Attorneys for Defendants

SETTLEMENT AGREEMENT
C08-4248 SC

## EXHIBIT A

- Tranche A and B values on pages 2 and 4
- Titles of forecast sensitivities on pages 5, 26, and 45-88
- Annual compound load growth rates for winter demand, summer demand, and energy on page 27
- Estimated capital cost of Smith 1 CFB on page 28, Item 12
- Forecasted capacity and energy purchases from SEPA and SEPA rate schedule escalation rate in the first paragraph on page 32
- Information regarding capital additions for 2002 – 2008 in the second, fourth, and fifth columns of Table II on page 33
- All information previously redacted on pages 198 and 213, regarding assumptions relied upon in preparation of engineer's report
- All information previously redacted on page 215, regarding project performance parameters
- All information previously redacted on page 227, regarding EKPC's forecasting tools and assumptions
- All information previously redacted on page 232, regarding the economic comparison of proposals and self-build options
- Performance guarantees and default and dispute requirements for the boiler contract in the second and third paragraphs on page 257
- The first paragraph on page 260, regarding details of the generator supply contract, provided that the following specific items shall not be disclosed and shall remain redacted: the delay damages amounts in lines 7 and 8; the aggregate delay damages percentage in line 8, and the corresponding number of days of delay in line 9; and the contract price in line 10.

Note: All page references are based on the electronic pagination in the pdf file provided to Sierra Club on December 9, 2009.